**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| CARLEAN DATES | Case No. 1:16-cv-1037 |
| Appellant, | Dlott, J. |
| | Bowman, M.J. |
| vs. | |
| HSBC U.S.A. N.A., | |
| Appellee. | |

**REPORT AND RECOMMENDATION**

This is a pro se appeal from an Order of the United States Bankruptcy Court for the Southern District of Ohio in the Chapter 13 proceeding styled *In re Carlean Dates*, Case No. 16-12410. Specifically before the Court is Appellant's brief (Doc. 8) and the Appellee's memorandum *contra.* (Doc. 9). Plaintiff/appellant seeks judicial review of the Bankruptcy Court's denial of her motion for reconsideration.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Appellant Carlean Dates ("Dates") filed the underlying Chapter 13 bankruptcy proceeding on June 28, 2016. (See Doc. 2, Bankruptcy Court Docket ("B.D.")). Dates' initial Chapter 13 Plan listed the holder of her mortgage, Appellee HSBC USA, N.A., as Trustee for the Certificate holders of ACE Securities Corp. Home Equity Loan Trust, Series 2006-FM2 Asset Backed Pass-Through Certificates ("HSBC"), as a creditor, but stated the debt was disputed and did not provide for any payment to HSBC. (See B.D. 25). HSBC holds a first lien mortgage on the property known as 12062 Hazelhurst Drive, Cincinnati, Ohio (the "Property"). The amount of the claim was $191,357.42, which included $79,967.65 in arrearages. *Id.*

Dates has not made payments on the mortgage loan for almost eight years. Id. Dates filed a Notice of Demand to Trustee to File 2004 Examination on HSBC, which was essentially a motion requesting that the Court order the Chapter 13 Trustee to conduct discovery. (See B.D. 28). The discovery Dates wanted the Trustee to undertake was directed at HSBC, and was wide-ranging but focused on the assignment and transfer of the Note and Mortgage held by HSBC. (*See id.* ¶¶ 12-13). The Chapter 13 Trustee objected to Dates' Notice of Demand to Trustee to File A 2004 Examination on HSBC. (See B.D. 31). The Objection explained that the Chapter 13 Trustee had advised Dates at the Meeting of Creditors that the Chapter 13 Trustee cannot litigate or conduct discovery on Dates' behalf and that a prior January 29, 2014 foreclosure judgment may affect Dates' options in the bankruptcy case. *Id.*

The Chapter 13 Trustee also objected to the confirmation of Dates' proposed Chapter 13 Plan. (*See* B.D. 29). The Chapter 13 Trustee's objection advised the Bankruptcy Court of the 2014 Foreclosure Judgment, which had entered a judgment decree in foreclosure personally against Dates and in rem against the Property. *Id.* The Chapter 13 Trustee also advised the Bankruptcy Court that Dates had filed the bankruptcy to stop a pending foreclosure sale. *Id.* The Chapter 13 Trustee opposed confirmation of Dates' proposed Chapter 13 Plan because Dates did not submit the appropriate documents, the plan did not provide for payments to HSBC, and Dates had not made any Plan payments under her proposed Plan. *Id.* HSBC also filed an Objection to the confirmation of the Chapter 13 Plan, because the Plan failed to list HSBC as a secured creditor and did not provide for curing the mortgage arrearages or for resuming post-petition mortgage payments. *(See* B.D. 34). The Bankruptcy Court

scheduled a hearing on the contested Chapter 13 confirmation and the Rule 2004 motion for September 13, 2016. (B.D. at 39).

Dates then filed an Amended Chapter 13 Plan, which omitted HSBC as a creditor altogether. See B.D. 44. Dates then filed an adversary proceeding against HSBC. (See B.D. 48; see also Adversary Case No. 1:16-ap-01052 Docket ("A.C.")). The adversary complaint alleged that HSBC committed fraud, in connection with the transfers and assignments of the underlying Note and Mortgage, and in the state court foreclosure action, and essentially asked the bankruptcy court to declare the Note and Mortgage invalid and unenforceable. *Id.*

The Bankruptcy Court held the hearing on the contested Chapter 13 confirmation and the Rule 2004 motion as scheduled. The Court sustained the Chapter 13 Trustee's Objection to Dates' Notice of Demand to Trustee to File A 2004 Examination on HSBC and denied Dates' motion for Rule 2004 discovery, for the reasons stated on the record at the hearing. (*See* B.D. 52). The Bankruptcy Court also denied confirmation of Dates' Plan and the Amended Plan. (*See* B.D. 51). Dates did not appeal the Bankruptcy Court's order sustaining the Chapter 13 Trustee's Objection to Dates' Notice of Demand to Trustee to File A 2004 Examination on HSBC. Instead, Dates filed what she labeled as a Sworn Motion for Reconsideration of Denial of 2004 Examination by Trustee and Finding of Facts and Conclusion of Law ("Motion for Reconsideration"). (*See* B.D. 58). The one-page Motion for Reconsideration alleged that HSBC made fraudulent transfers, committed fraud on the court in the foreclosure action, failed to present proof of ownership, and violated securities and exchange laws. *Id.*

The Bankruptcy Court denied the Motion for Reconsideration, finding Dates' motion did not provide any new facts or law to warrant vacating the prior order, citing Rule 60(b) of the Federal Rules of Civil Procedure and Rule 9024 of the Federal Rules of Bankruptcy Procedure. (*See* B.D. 67). Thereafter, Dates timely filed the instant appeal of the Court's denial of her Motion for Reconsideration. (Doc. 1, Notice of Appeal, Doc. 1, at Exh. 1).[1] Appellant's request is not well-taken.

**III. ANALYSIS**

In a bankruptcy appeal, the district court reviews a ruling on a motion for reconsideration under the abuse of discretion standard. *United Mine Workers of Am. 1974 Plan and Trust v. Lexington Loan Co.* (*In re HNRC Dissolution Co.*), 396 B.R. 461, 465 (B.A.P. 6th Cir. 2008); *Hamerly v. Fifth Third Mortgage Co.* (*In re J & M Salupo Dev. Co.*), 388 B.R. 795, 800 (B.A.P. 6th Cir. 2008). "An abuse of discretion occurs only when the trial court relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." *United Mine Workers of Am. 1974 Plan and Trust*, 396 B.R. at 465.

Here, the Bankruptcy Court denied Dates' underlying Rule 2004 examination request for reasons stated on the record at the September 13, 2016 hearing. *See* B.D. 52. The Bankruptcy Court then denied Dates' Motion for Reconsideration of the order denying the Rule 2004 examination because Dates' Motion for Reconsideration did not include "any new facts or law to warrant" vacating the order. *See* B.D. 67 (emphasis added). Without the transcript of the September 13, 2016 hearing, this Court cannot

---

[1] Since the filing of this appeal, the Bankruptcy Court has dismissed the adversary complaint as to HSBC, finding that res judicata barred Dates' claims based on the state court foreclosure judgment. See A.D. 30. The Bankruptcy Court also granted HSBC relief from the automatic stay to allow the foreclosure sale to proceed in state court. See B.D. 102.

determine the basis for the Bankruptcy Court's denial of Dates' underlying Rule 2004 examination request, and thus cannot conclude that the Bankruptcy Court was incorrect when it held that Dates failed to present new facts or law sufficient to warrant vacating the prior order.

Furthermore, the Bankruptcy Court properly denied Dates' Motion for Reconsideration. As noted by the Appellee, Bankruptcy courts consider a motion for reconsideration either as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure or as motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. See *In re Pertuset*, 485 B.R. 478, *20 (B.A.P. 6th Cir. 2012). The Bankruptcy Court considered Dates' Motion for Reconsideration as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure and Rule 9024 of the Rules of Bankruptcy Procedure. See B.D. No. 67.

Here, Dates motion for reconsideration appears to allege that HSBC committed fraud related to the underlying mortgage loan and in the state court foreclosure action. A motion premised on the fraud component of Rule 60(b)(3) requires the moving party to "show that the adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding [in] question." *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 455 (6th Cir. 2008) (emphasis added). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Id*. at 454. Only "fraud (1) that attempts or succeeds in defiling the court or (2) that is perpetrated by officers of the court and prohibits the court from performing the impartial task of judging cases" can support relief

5

from judgment under Rule 60(b)(3). *First Nat. Bank of Louisville v. Lustig*, 832 F. Supp. 1058, 1062 (E.D. La. 1993), aff'd, 96 F.3d 1554 (5th Cir. 1996). Relief from judgment based on fraud "is reserved for the most egregious misconduct and requires a showing of an unconscionable scheme designed to improperly influence the court." *Id.* Here, Dates' motion did not contain any supporting affidavits or other evidentiary basis. *See* B.D. 57.

In addition, Dates reliance on the cases cited in her motion do not support her position that the Court should have granted the Motion for Reconsideration and ordered the Trustee to conduct discovery on Dates' behalf. None of the cases cited by Dates address a reconsideration motion or the denial of a Rule 2004 motion requesting a court to order a Chapter 13 Trustee to conduct discovery on a debtor's behalf, or otherwise show the Bankruptcy Court applied an incorrect legal standard. Notably, bankruptcy courts have held that "that once an adversary proceeding or contested matter has been commenced, discovery is made pursuant to Federal Rules of Bankruptcy Procedure 7026 et seq., rather than by a [Rule] 2004 examination." *See In re Washington Mutual, Inc.,* 408 B.R. 45, 50 (Bankr. D. Del. 2009).

In light of the foregoing, the undersigned finds that the Bankruptcy Court articulated specific reasons for the decision supported by the evidence of record and applicable law. Accordingly, the undersigned **RECOMMENDS** that the decision of the Bankruptcy Court denying Dates' Motion for Reconsideration be **AFFIRMED,** and that this matter be **CLOSED**.

    *s/ Stephanie K. Bowman*
    Stephanie K. Bowman
    United States Magistrate Judge

6

\

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| CARLEAN DATES | Case No. 1:16-cv-1037 |
|     Appellant, | Dlott, J. |
|   vs. | Bowman, M.J. |
| HSBC U.S.A. N.A., | |
|     Appellee. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985*); United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).